UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JONATHAN LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20-cv-017-HRW |
| ) | |
| v. ) | |
| ) | |
| TERRY MELVIN, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jonathan Lee Smith is a federal prisoner who was previously incarcerated at the United States Penitentiary—Big Sandy in Inez, Kentucky.  Proceeding without an attorney, Smith seeks relief against numerous employees of USP-Big Sandy for alleged violations of his civil rights.  Because Smith was granted pauper status in this proceeding, the Court conducts a preliminary screening of Smith's allegations, dismissing any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  For the reasons that follow, some of Smith's claims will be dismissed but others warrant a response from the relevant defendants.

In his complaint, Smith claims he was subjected to excessive force while incarcerated at USP-Big Sandy and that, relatedly, he received inadequate medical care and suffered various violations of his constitutional rights.  In light of these

violations, Smith seeks money damages pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Because Smith is proceeding without an attorney, the Court leniently evaluates his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Further, at this stage of the proceedings the Court accepts Smith's factual allegations as true and liberally construes the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Smith's complaint specifically names eleven individual defendants, as well as "unknown named officers," all of whom were employed at USP-Big Sandy while he was incarcerated there. [R. 1 at 1-3.] The Court will address Smith's allegations against each of these various defendants below but first notes two preliminary points. First, Smith's allegations are against the defendants in their individual capacities. While the complaint itself states that Smith was suing everyone in their official capacities [*see id.* at 26], Smith has since clarified otherwise. [R. 11; R. 12.] Second, to the extent Smith wishes to complain about the medical care he is currently receiving at USP-Thomson in Thomson, Illinois [*see* R. 1 at 27-34], those claims are not proper in this lawsuit. Smith does not name a single defendant who is employed at USP-Thomson. Further, he does not explain how claims regarding events at USP-Thomson are properly joined with his claims regarding events at USP-Big Sandy. *See* Fed. R. Civ. P. 18, 20. If Smith is concerned about the medical care he is

receiving at USP-Thomson, he should specifically seek such relief in a court of appropriate jurisdiction.

That said, Smith's claims regarding the events that occurred while he was incarcerated at USP-Big Sandy are properly before this Court for consideration, and several of the claims survive the 28 U.S.C. § 1915(e)(2) screening. To briefly summarize the complaint in this matter, Smith claims Lieutenant Melvin and Lieutenant Barker both used excessive force against him—more specifically, that Lieutenant Barker shot him in the leg and that Lieutenant Melvin, among other things, retaliated against him and put him in restraints that were far too tight. Smith claims that Nurse Plumley, Lieutenant Holcomb, and Lieutenant Mays were deliberately indifferent to his medical needs and failed to perform adequate restraint checks, intentionally ignoring his cries for help and doing nothing about the belly chain that was causing Smith deep cuts, blistering, and bruising. Smith further claims that Defendants Adams, Duff, Altizer, and Garza witnessed some of these acts of excessive force and were capable of intervening to stop the force; nevertheless, they intentionally ignored Smith and left him to suffer. After considering all of these claims, the Court finds a response from the above-named defendants is appropriate. Because Smith is incarcerated and proceeding without counsel, the Court will direct the United States Marshals Service ("USMS") to carry out service on Smith's behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Smith also names Warden Joyner, Agent Adkins, and "unknown named officers" as defendants, but his claims against these individuals will be dismissed upon screening. Smith's only allegations against Warden Joyner and Agent Adkins are that they failed to appropriately respond to his grievances, or somehow otherwise failed to stop other USP-Big Sandy officers from violating Smith's rights. [*See* R. 1 at 8.] These claims fail because "the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citations omitted). Additionally, vicarious liability is inapplicable to *Bivens* suits and in order to recover against a particular defendant, a the plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Finally, although Smith lists "unknown named officers" as additional defendants on his complaint form, the text of the complaint itself never mentions these additional officers or explains what they did to violate his rights. Joyner, Adkins and the unknown officers will therefore be dismissed from this matter going forward.

For these reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Smith's claims against Warden Joyner, Agent Adkins, and the "unknown named officers" are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

2. Any claims Smith desired to bring regarding his treatment at USP-Thomson are **DISMISSED WITHOUT PREJUDICE**, to Smith's right to bring such claims in a court of appropriate jurisdiction.

3. The Deputy Clerk shall prepare eleven "Service Packets" for service upon the United States of America, the Office of the Attorney General, and Defendants Melvin, Plumley, Adams, Holcomb, Mays, Altizer, Garza, Duff, and Barker. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. a copy of this Order; and

    d. a completed USM Form 285.

4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky, and shall note the date of delivery in the docket.

5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and to the Office of the Attorney General of the United States in Washington, D.C.

6.     The USMS shall personally serve Defendants Melvin, Plumley, Adams, Holcomb, Mays, Altizer, Garza, and Duff at USP-Big Sandy in Inez, Kentucky, through arrangement with the Federal Bureau of Prisons.

7.     Based on Smith's representation that Defendant Barker is no longer employed at USP-Big Sandy but rather at the Federal Medical Center ("FMC") in Lexington, Kentucky, the USMS shall personally serve Defendant Barker at FMC-Lexington through arrangement with the Federal Bureau of Prisons.

8.     Smith must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

This the 14th day of July, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge