UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JONATHAN LEE SMITH, )
)
Plaintiff, )   Case No. 7:20-cv-017-HRW
)
v. )
)
TERRY MELVIN, ET AL., )   **MEMORANDUM OPINION**
)   **AND ORDER**
Defendants. )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Defendants seek partial dismissal of Plaintiff Jonathan Smith's claims in this case. [R. 48.] After reviewing the matter, which is now ripe for the Court's review, the Court will **GRANT** the Defendants' motion.

Smith, proceeding *pro se*, has alleged that his constitutional rights were violated in a number of ways while he was incarcerated at the United States Penitentiary—McCreary in Pine Knot, Kentucky. [R. 1.] Specifically, Smith alleges his rights were violated during and following two use-of-force incidents: one that occurred on April 15, 2019, and a second on July 10, 2019. In the present case, Smith seeks recovery under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), for these violations. Separately, Smith has pursued two actions against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA case that stems from the April incident remains pending before another judge in this

district.  *See Smith v. United States*, Case No. 7:20-194-DCR (E.D. Ky. 2020).  The FTCA case that Smith filed with respect to the July incident was settled in April 2020.  [*See* R. 48-2 at 176-183.]

In their motion for partial dismissal,[1] the Defendants claim that Smith cannot proceed on his *Bivens* claims regarding the July incident because of his FTCA settlement.  [*See* R. 48-1; R. 50.]  Smith concedes that one of his *Bivens* claims—an Eighth Amendment claim regarding an injury he sustained from a belly chain—is likely barred.  But he nevertheless argues the other claims fall outside the scope of the settlement bar.  [*See* R. 49.]

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), the Court views the complaint in the light most favorable to the plaintiff and accepts all "well-pleaded facts" in the complaint as true.  *See, e.g., D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).  Further, because Smith is proceeding in this matter without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims.  *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

---

[1] Although the Defendants' original motion indicates a desire for the wholesale dismissal of Smith's complaint [*see* R. 48; R. 48-1], the Defendants have since clarified that they seek dismissal only of those claims related to the July use-of-force incident.  [R. 50; R. 51.]

2

After reviewing the parties' briefs and attached documentation,[2] the Court finds the Defendants' motion is properly granted.  In general, the United States of America is immune from suit for money damages.  However, when Congress created the FTCA in 1946, it "waived the sovereign immunity of the United States for certain torts committed by federal employees" acting within the scope of their employment. *Brownback v. King*, ___ S. Ct. ___, 2021 WL 726222, at *2 (Feb. 25, 2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994)).  This waiver of immunity has proven a double-edged sword for plaintiffs wishing to sue both the United States under the FTCA and individual employees under *Bivens*.

"While waiving sovereign immunity so parties can sue the United States directly for harms caused by its employees, the FTCA has made it more difficult to sue the employees themselves by adding a judgment bar provision."  *Id.* at *3. Pursuant to 29 U.S.C. § 2676, any judgment in an FTCA suit—favorable or not— triggers a judgment bar under which a plaintiff "generally cannot proceed with a suit against an individual employee based on the same underlying facts."  *Id.* (quoting *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016)).  And a plaintiff's acceptance

---

[2] Although the Court treats the Defendants' motion as one for Rule 12(b) dismissal, key documents in this matter—namely, the FTCA settlement agreement and Smith's initial SF-95 form—have been relied upon by the Court and both parties.  There has been no dispute regarding the authenticity of the documents, and the Court "may look outside the four corners of the complaint and consider materials attached to a motion to dismiss if they are referred to in the complaint and central to the claim."  *Berry v. U.S. Dept. of Labor*, 832 F.3d 627, 637-38 (6th Cir. 2016).

of an FTCA settlement agreement with the United States serves as a complete release of future related claims against not only the United States but also the individual government employee(s).  *See* 28 U.S.C. § 2672.

In Smith's case, the record makes clear that he accepted a $35,000 monetary settlement in resolution of Administrative Tort Claim No. TRT-MXR-2019-06209. [R. 48-2 at 176-183.]  According to 28 U.S.C. § 2672:

> The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

The question, then, is whether the July-related *Bivens* claims set forth in this case exist "by reason of the same subject matter" as the TRT-MXR-2019-06209 settlement.  On this point, the parties disagree.

Smith contends his settled administrative tort claim only concerned "the injuries he suffered as a result of the belly chains being applied way too tight and left unchecked for 10 hours." [R. 49 at 4.]  Accordingly, he still wishes to proceed on his other constitutional allegations—for example, "the violation of Plaintiff's constitutional rights or the excessive force that was used against Plaintiff on 7-10-19 when Plaintiff was retaliated against and sprayed with mace for no reason, shot with the pepper ball gun, and tied to a restraint chair for 10 hours." [*Id.* at 6.]  But

4

the Defendants maintain all of Smith's July-related *Bivens* claims are barred by the settlement agreement, and the Court ultimately agrees.

The SF-95 form filed by Smith in administrative action TRT-MXR-2019-06209 does emphasize the injuries Smith allegedly suffered as a result of the tight belly chain and improper restraint checks. [*See* R. 50-1.] However, Smith also expressed his concerns about mace, being "shot with some type of gun," his subsequent medical care, possible retaliation, and more. [*Id.*] And courts have been quick to preclude plaintiffs from doing exactly what Smith seeks to do here—i.e., to narrowly interpret the language of 28 U.S.C. § 2672 for his ultimate benefit. *See, e.g., Serra v. Pichardo*, 786 F.2d 237, 239-40 (6th Cir. 1986) (explaining that the broad language used in the FTCA "indicates that [Congress] desired to do more than merely bar a plaintiff from bringing a subsequent identical action on the same claim" and further holding "it is clear that the words 'by reason of the same subject matter' were not intended to limit the scope of the release to the very claim that was settled"); *Laguer v. United States*, 257 F. Supp. 3d 198, 205 (D.P.R. 2017) ("[T]he Court interprets section 2672 as barring a claimant who previously settled with a federal agency pursuant to the FTCA from bringing any subsequent claims, regardless of type, that arise out of the same underlying factual scenario.").

Further, the language of the settlement agreement itself plainly states that Smith was releasing all claims "on account of the subject matter of the administrative

5

claim or suit, or that relate or pertain to or arise from, directly or indirectly, the subject matter of the administrative claim or suit . . . ." [R. 48-2 at 182.] So in addition to the settlement bar outlined in § 2672, this language too precludes Smith from bringing the claims at issue now.

Smith cites his correspondence with Carlos Martinez to argue that the dollar amount of the settlement was only valued based upon the belly chain claim and, therefore, all other claims fall outside the "the same subject matter" contemplated by § 2672 and the settlement agreement. [R. 49 at 4-5.] But even where other plaintiffs have accepted administrative settlements specifically based on personal property damage, courts have still found those plaintiffs barred from later bringing personal injury claims. *See, e.g., Murphree v. United States*, Case No. 10-4122-WEEB, 2011 WL 1980371, at *1 (D. Kan. May 20, 2011). Thus, Smith's argument on this point is unavailing.

Finally, the Court notes that a party's subjective intent about the future ramifications of a settlement agreement is irrelevant. *See id*. at *7; *Laguer*, 257 F. Supp. 3d at 205-06. And, regardless, it appears Smith did understand the consequences of accepting a settlement agreement in this case. [*See* R. 48-2 at 172 ("If you send me a voucher for $35,000.00 I will sign it. Your asking me to sign away my rights to my bivens claims, I need you to meet me half way.").]

6

For these reasons, the Defendants' motion for partial dismissal is properly granted.  Accordingly, the Court hereby **ORDERS** as follows:

1.    The Defendants' Motion to Dismiss [R. 48] is **GRANTED**; and

2.    All claims in Smith's complaint related to the July 10, 2019 incident are **DISMISSED**.

This the 5th day of March, 2021.

**Signed By:**

*Henry R Wilhoit Jr.*

**United States District Judge**